His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
Appellee moves to dismiss this devolutive appeal on the ground that when taken there was pending in this Court a suspensive ■ appeal still undisposed of; and again that the transcript was incomplete in as much as it did not contain the entire record of the original suit.
*407 Since appeals to this Court are tried on the original papers filed in the 'Court below, and those original papers had already been placed in the physical possession of this 'Court when the suspensive appeal was lodged, the second ground of dismissal is wholly without merit.
As to the first ground:
It is true that there cannot be two appeals from the same judgment by the same parties, in the sense that a judgment on appeal disposing of all the issues in a cause disposes of all the appeals then pending.
Gillespie vs. Scott, 32 An., 767.
It is also true that something has been said, in Bowman vs. Kaufman, 31. A., 193, to the effect that the right to a devolutive appeal arises only after a party’s suspensive appeal has been dismissed; and in State vs. Judges, 12 Rob., 320, to the effect that two appeals cannot be allowed to. the same person from the same judgment.
But the expression in both cases were purely obiter. In the first mentioned case, appellants first'appeal had been dismissed, and there was no occasion to pass upon the right to a devolutive, appeal to preserve substantial rights, when the suspensive appeal is endangered, as in the case at bar, by liability to dismissal; a doctrine fully admitted in later cases hereinafter mentioned.
And in the case in 12th. Robinson, the return of the District Judge showed that the appeal which relator asked for had been granted in substance if not in form.
Freiberg vs. Langfelder, 45 An., 988, merely holds that two appellate Courts cannot have jurisdiction of the same appeal at the same time. As to which there can be no two opinions; though whether or not that be ground for dismissing the appeal in the Court actually having jur *408 isdiction is a matter about which the Court thought differently in Pinski vs. Resweber, 49 An., 246.
But the modern, and, as we think, the more correct doctrine, is that a party is entitled, at some time or other, to a trial upon the merits before an appellate ’Court, unless he has lost the right by abandonment or lapse of time, and consequently to take any proper step to secure the same. Hence it has been the all but universal custom at this bar to apply for and be allowed in the same order both a. suspensive and devolutive appeal from the same judgment; a custom which the appellate Courts have always sanctioned by dismissing the one and maintaining the other; and we see no distinction between a case where the two appeals have been taken at one time, and where one has been taken immediately following the other.
In Salkind vs. Congregatin Beth Israel, we gathered all the authorities showing that the right was to be preserved in all cases where it could not be clearly shown that the right had been lost or abandoned. Among others we-cited Succession of Weber, 110 La., 674, where the very point urged here was made, and almost in the same words, to-wit: “that two appeals have been taken from the same judgment, and that it is impossible for two appeals from the same judgment legally to exist at the same time.” But the Court held that the second appeal was merely supplementary to the first, and that the right of appeal had not been lost, and since the appeal was before the 'Court, it would serve no practical purpose to dismiss it.
The motion to dismiss is denied.